IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS CHARLES WOOTEN                                    PLAINTIFF

v.                               CIVIL ACTION NO. 3:19-CV-884-DCB-JCG

BILLY SOLLIE                                             DEFENDANT

## REPORT AND RECOMMENDATION

BEFORE THE COURT are the following motions: Plaintiff's Motion for Default Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 24). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be denied and Defendant's Motion for Summary Judgment be granted.

## I. BACKGROUND

Plaintiff Marcus Charles Wooten, who is proceeding *pro se* and *in forma pauperis*, filed suit against Defendant Billy Sollie on December 4, 2019. At the time of filing, he was a pretrial detainee at the Lauderdale County Detention Facility (LCDF) in Meridian, Mississippi. He alleged that he is housed in an unsanitary environment where he is not provided cleaning supplies, and these conditions exacerbate the risk of infection in the wound on his leg. He later stated that he has been forced to take extremely cold showers and to stay in an extremely cold cell (ECF No. 10). He seeks release and $500,000.00.

On May 22, 2020, Defendant filed a Motion for Summary Judgment (ECF No.

24) and a Memorandum in Support (ECF No. 25), alleging that Wooten failed to exhaust his administrative remedies. Specifically, he argues Wooten did not complete the LCDF grievance procedure for any of his claims, as he signed his Complaint only eight days after he was moved to the cell at issue. As such, Wooten's grievances related to the claims here were only submitted after this lawsuit was filed. Therefore, Defendant argues he has not exhausted his administrative remedies.

## II. DISCUSSION

### A. Motion for Default Judgment

In his Motion for Default Judgment (ECF No. 14), Wooten alleges that Defendant has failed to meet the deadline set by the Court; therefore, he asks that default judgment be entered against him. However, the record reflects that a request for waiver of service (ECF No. 12) was sent to Defendant on January 22, 2020. Defendant returned the executed waiver on February 24, 2020 (ECF No. 16). As noted in the waiver, Defendant had sixty days from the date the waiver was sent to respond, making his answer due on or before March 22, 2020. Defendant filed his Answer (ECF No. 17) on March 17, 2020.

Under the Federal Rules of Civil Procedure, default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, Defendant has appeared, is actively defending against Plaintiff's claims, and no default has been entered. Therefore, default judgment is not appropriate in this case. *See Ayati-Ghaffari v.*

*Dimon*, 4:19-cv-533-ALM-CAN, 2020 WL 1901087, at *5 (E.D. Tex. Jan. 2, 2020).

The undersigned recommends that Wooten's Motion for Default Judgment (ECF No. 14) be denied.

### B. **Motion for Summary Judgment**

#### 1. **Legal Standard**

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If the movant carries this burden, the burden shifts to the non-moving party to show that summary

judgment should not be granted. *Id.* at 324. "The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 324). In the absence of any proof, the Court will not assume that the Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a). This requirement also applies to pretrial detainees. *See Moore v. Stevens*, No. 2:17-cv-146-KS-MTP, 2019 WL 2063524, at *2 (S.D. Miss. Apr. 12, 2019) (citing *Moore v. St. Tammany Parish Jail*, 113 Fed. App'x 585, 586 (5th Cir. 2004)). This exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95. Dismissal is mandatory where a prisoner fails to properly exhaust

available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (quoting *Woodford*, 548 U.S. at 85).

### 2. <u>Analysis</u>

Defendant has moved for summary judgment on the basis that Wooten has failed to exhaust his administrative remedies, arguing that the only relevant grievances were not submitted until after this lawsuit was filed. Wooten's Complaint was signed on November 30, 2019. It was filed on December 4, 2019. The evidence presented by the Defendant shows that Wooten was booked into LCDF On May 13, 2019, and he was originally housed in the medical unit, due to a gunshot wound on his leg. After being cleared by medical staff, he was moved to Unit 5, Cell 146 on November 22, 2019.

Pursuant to LCDF's Inmate Handbook, after completing a grievance form, the inmate must sign it and submit it to a corrections officer, who in turn submits it to his or her immediate supervisor. If necessary, the grievance will be sent to the shift lieutenant and administration. If unsatisfied after receiving a response, the inmate may appeal within three working days. Defendant has offered evidence that Wooten has submitted the following grievances: an August 1, 2019 grievance about religious books; an August 1, 2019 grievance about the handbook; a November 10, 2019 grievance about a religious book; a November 21, 2019 grievance about harassment; a December 11, 2019 grievance about the care he received from a nurse and cell sanitation; a December 16, 2019 grievance about his wound care and sanitation; a December 20, 2019 grievance about the water temperature and cell

temperature; a December 27, 2019 grievance about a missing sheet; and a January 21, 2020 grievance about the water temperature and cell temperature. Defendant asserts that Wooten has not appealed any of his grievances (ECF No. 24-1).

In his response (ECF No. 27) Wooten makes substantive arguments concerning his claims and only makes the bare allegation that some officers do not turn in grievances. He does not indicate that he filed other grievances the Defendant did not include in the Motion. Wooten also filed a declaration (ECF No. 23) before Defendant filed the Motion for Summary Judgment, in which he argues the grievance system is poor. With this declaration, he provided a copy of his December 11, 2019 grievance. Wooten has offered no evidence that he attempted to file grievances concerning the claims at issue in this case before November 30, 2019. As previously noted, the exhaustion must have occurred before Wooten filed suit. "It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez*, 702 F.3d at 788.

To the extent Wooten's claims that the grievance system is "poor" and some officers refuse to submit grievances are arguments that the grievance system is unavailable, his argument is without merit. An administrative remedy is unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," the scheme is "so opaque that it becomes, practically speaking, incapable of use," or "prison administrators thwart inmates from taking advantage of a grievance process

through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). No evidence has been presented showing that officers would not provide any relief, nor has Wooten offered more than the bare assertion that some officers do not turn in the grievances. Instead, the grievances submitted by Wooten and Defendant show that various forms of relief were offered, and Wooten never appealed these grievances. Further, Wooten has been able to file grievances about various issues he has encountered while at LCDF. His ability to navigate the grievance process contradicts an assertion that the system is "opaque." His assertion that officers refused to turn in his grievances, thereby thwarting him from filing, is contradicted by the grievances in the record, particularly considering that he was not moved to his current cell until November 22, 2019. As such, the grievance process at LCDF was available to Wooten, but he did not attempt to exhaust his administrative remedies until after filing suit.

### III. RECOMMENDAITON

Based on the above analysis, the undersigned recommends that Plaintiff's Motion for Default Judgment (ECF No. 14) be denied and Defendant's Motion for Summary Judgment (ECF No. 24) be granted.

### IV. NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven

days of service of the objection, the opposing party or
parties must either serve and file a response or notify the
district judge that they do not intend to respond to the
objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and
recommendations to which he objects. The District Judge need not consider
frivolous, conclusive, or general objections. A party who fails to file written
objections to the proposed findings, conclusions, and recommendations within
fourteen days of being served a copy shall be barred, except upon grounds of plain
error, from attacking on appeal any proposed factual finding or legal conclusion
adopted by the Court to which he did not object. *Douglass v. United Servs. Auto.
Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 30th day of June, 2020.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE