IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

MARCUS CHARLES WOOTEN                                          PLAINTIFF

v.                          CIVIL ACTION NO. 3:19-cv-884-DCB-JCG

BILLY SOLLIE                                                   DEFENDANT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This matter is before the Court on Magistrate Judge John C. Gargiulo's Report and Recommendation [ECF No. 28]. Magistrate Judge Gargiulo recommends that the Court deny Plaintiff Marcus Charles Wooten ("Wooten")'s Motion for Default Judgment [ECF No. 14] and grant Defendant Billy Sollie ("Sollie")'s Motion for Summary Judgment [ECF No. 24]. On July 15, 2020, Plaintiff Wooten filed an objection [ECF No. 29] to the Report and Recommendation. Having reviewed the Report and Recommendation, the Plaintiff's objection, and applicable statutory and case law, the Court finds and orders as follows:

Wooten, who is proceeding <u>pro se</u> and <u>in forma pauperis</u>, was a pretrial detainee at the Lauderdale County Detention Facility ("LCDF") in Meridian, Mississippi at the time he filed this lawsuit. Wooten alleges that he is housed in an unsanitary environment where he is not provided cleaning supplies. He further claims that these conditions exacerbate the risk of infection in the wound on his leg. He also states that he has been forced to

1

take extremely cold showers and stay in an extremely cold cell. He seeks release and $500,000.00.

On February 21, 2020, Plaintiff Wooten filed a Motion for Default Judgment [14]. Magistrate Judge Gargiulo recommends denying Wooten's Motion for Default Judgment because Defendant Sollie timely filed his Answer to the Complaint, has appeared, and is actively defending against Wooten's claims. The Court finds the recommendation to be well taken.

On May 22, 2020, the Defendant filed a Motion for Summary Judgment [24]. Magistrate Judge Gargiulo recommends granting Sollie's Motion because Plaintiff Wooten has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a). This requirement applies to pretrial detainees. See Moore v. Stevens, No. 2:17-cv-146-KS-MTP, 2019 WL 2063524, at *2 (S.D. Miss. Apr. 12, 2019). Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. See Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).

Pursuant to LCDF's Inmate Handbook, after completing a grievance form, the inmate must sign it and submit it to a corrections officer, who in turn submits it to his or her immediate supervisor. If necessary, the grievance will be sent to the shift

lieutenant and administration. If unsatisfied after receiving a response, the inmate may appeal within three working days. Defendant has offered evidence that Wooten has submitted the following grievances: an August 1, 2019 grievance about religious books; an August 1, 2019 grievance about the handbook; a November 10, 2019 grievance about a religious book; a November 21, 2019 grievance about harassment; a December 11, 2019 grievance about the care he received from a nurse and cell sanitation; a December 16, 2019 grievance about his wound care and sanitation; a December 20, 2019 grievance about the water temperature and cell temperature; a December 27, 2019 grievance about a missing sheet; and a January 21, 2020 grievance about the water temperature and cell temperature. Defendant asserts that Wooten has not appealed any of his grievances. [ECF No. 24-1]. Wooten's Complaint was signed on November 30, 2019. It was filed on December 4, 2019.

In his response to the Motion for Summary Judgment, Wooten argues the substantive merits of his claim and makes bare allegations that some officers do not turn in grievances. However, Wooten offered no evidence that he attempted to file a grievance concerning the claims at issue before filing suit in this Court. "It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Gonzalez, 702 F.3d at 788. In this case, Wooten filed

suit in federal court prior to submitting a grievance about the issues raised in the lawsuit. His claim must be dismissed.

Wooten filed an objection to the Magistrate Judge's Report and Recommendation on July 15, 2020. When a party objects to a Report and Recommendation this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Such a review means that the court will examine the record and make an independent assessment of the law." Magee v. Comm'r of Soc. Sec., No. 1:12- cv-00188, 2013 WL 4014986, at *1 (S.D. Miss. Aug. 6, 2013); see also Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Id. Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018) (citing Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993)).

The Court finds the Plaintiff's objection to be frivolous. Wooten does not address Magistrate Judge Gargiulo's claim that he cannot proceed because he filed this lawsuit before he filed his

grievance, failing to satisfy the mandatory requirement of pre-filing exhaustion. Wooten merely reurges the argument from his Response to the Motion for Summary Judgment – that the grievance process is poor and that officers refuse to submit and/or return grievances – which Magistrate Judge Gargiulo addresses in his Report and Recommendation. As Magistrate Judge Gargiulo found:

> "To the extent Wooten's claims that the grievance system is 'poor' and some officers refuse to submit grievances are arguments that the grievance system is unavailable, his argument is without merit. An administrative remedy is unavailable when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates,' the scheme is 'so opaque that it becomes, practically speaking, incapable of use,' or 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.' Ross v. Blake, 136 S. Ct. 1850, 1859-60 (2016). No evidence has been presented showing that officers would not provide any relief, nor has Wooten offered more than the bare assertion that some officers do not turn in the grievances. Instead, the grievances submitted by Wooten and Defendant show that various forms of relief were offered, and Wooten never appealed these grievances."

[ECF No. 28] at 6-7. This Court agrees with Magistrate Judge Gargiulo's reasoning concerning Wooten's allegations about the grievance system. Having conducted a de novo review of the portions of the Report and Recommendation objected to, the Court is satisfied that Magistrate Judge Gargiulo has undertaken an extensive examination of the issues.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation [ECF No. 28] is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the Plaintiff's objection [ECF No. 29] to Magistrate Judge Garguilo's Report and Recommendation is OVERRULED.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 22nd day of July, 2020.

__/s/ David Bramlette_____

UNITED STATES DISTRICT JUDGE